# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

| | | |
|---|---|---|
| ADAM WHITMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:21-cv-756 |
| | ) | |
| LAW OFFICES OF ADAM J. KATZ, | ) | |
| P.A, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, ADAM WHITMAN (hereinafter "Plaintiff"), through his attorneys, Hormozdi Law Firm, LLC, alleges the following against Defendant, LAW OFFICES OF ADAM J. KATZ, P.A (hereinafter "Defendant"):

## INTRODUCTION

1. Counts I of Plaintiff's Complaint are based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

2. Counts II of Plaintiff's Complaint are based on the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 ("FCCPA").

## JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4.  Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

5.  This court has supplemental jurisdiction over the state claims alleged herein pursuant to 28 U.S.C. § 1367 as they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6.  Venue and personal jurisdiction in this district are proper because Defendants do or transact business within this district, and a material portion of the events at issue occurred in this district.

**PARTIES**

7.  Plaintiff is a natural person residing in the City of Navarre, Santa Rosa County, State of Florida.

8.  Defendant is a collection agency with a principal place of business in Coral Springs, Florida.

9.  Plaintiff is a consumer as that term is defined by the FDCPA and the FCCPA.

10. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and the FCCPA.

11. Defendant is a debt collector as that term is defined by the FDCPA and FCCPA.

12. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

13. Defendants are engaged in the collection of debt within the State of Florida.

14. The principal purpose of Defendant's businesses is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a consumer debt from Plaintiff, allegedly arising from a jeweler account with Harris Jewelers.

19. The alleged debt at issue arises from transactions for personal, family, and household purposes.

20. In or around October 2020, Defendant began calling Plaintiff on his telephone number at xxx-xxx-2153, in an attempt to collect to the alleged debt.

21. On or about October 26, 2020, Plaintiff received a call from 850-981-5554.

22. Plaintiff answered the above-referenced call and spoke with a male.

23. During the above-mentioned conversation:

   a. Plaintiff informed that he was being served at work;

   b. The male verified Plaintiff's employer address;

   c. The male informed Plaintiff that Plaintiff could get a 30-minute pause on the service of papers and call 844-999-9905 to settle the alleged debt; and

   d. The male informed Plaintiff that he was not on the docket in Santa Rosa County.

24. On or about October 26, 2020, Plaintiff called 844-999-9905 and spoke with one of Defendant's collectors, Justin.

25. During the above-mentioned conversation, Justin told Plaintiff that Plaintiff must immediately make payment arrangements over the phone or else:

   a. Plaintiff would be sued;

   b. Plaintiff's wages would be garnished; and

   c. Plaintiff's employer would be notified.

26. Plaintiff felt that he had no choice but to enter into a payment agreement with Defendant.

27. On October 27, 2020, Plaintiff made a payment of $310.00 to Defendant.

28. On November 3, 2020, Plaintiff made three payments to Defendant, totaling

$475.00.

29. On December 2, 2020, Plaintiff made a payment of $475.00 to Defendant.

30. On January 5, 2021, Plaintiff made a payment of $350.00 to Defendant.

31. On February 1, 2021, Plaintiff made a payment of $475.00 to Defendant.

32. To date Plaintiff has been misled and coerced into making payments of $2,085.00.

33. Defendant did not have a permissible purpose to contact Plaintiff's employer.

34. Defendant failed to provide Plaintiff with the notice required by 15 U.S.C. 1692g(a).

35. Defendant's above-referenced actions were attempts to coerce Plaintiff into payment of the alleged debt.

36. The natural consequences of Defendant's actions was to coerce Plaintiff into making payment.

37. The natural consequences of Defendant's actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

38. The natural consequences of Defendant's actions was to cause Plaintiff mental distress.

39. Defendant's agent is or should be familiar with the FDCPA.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

40. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692c(b) of the FDCPA by contacting Plaintiff's employer and/or threatening to contact Plaintiff's employer without a permissible purpose for doing so;

   b. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant engaged in all of the harassing misconduct alleged above, including attempting to coerce Plaintiff into paying the alleged debt;

   c. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in at least the following discrete violations of § 1692e;

   d. Defendant violated § 1692e(2)(A) of the FDCPA by its false representation of the character, amount, or legal status of any debt when Defendant contacted and/or threatened to contact Plaintiff's employer despite there being no judgment against Plaintiff;

   e. Defendant violated § 1692e(10) of the FDCPA by its use of any false,

deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in at least the other discrete violations of § 1692e alleged herein;

f.  Prime Recovery violated § 1692g(a) of the FDCPA failing to provide Plaintiff with the notice required by this subsection;

g.  Prime Recovery violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the foregoing misconduct;

WHEREFORE, Plaintiff, ADAM WHITMAN, respectfully requests judgment be entered against, LAW OFFICES OF ADAM J. KATZ, P.A, for the following:

a.  Actual damages of $2,085.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

b.  Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

c.  Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

d.  Any other relief that this Honorable Court deems appropriate.

**COUNT II:**
**DEFENDANT VIOLATED THE**
**FLORIDA CONSUMER COLLECTION PRACTICES ACT**

41. Plaintiff repeats and realleges paragraphs 1-39 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

42. Defendant violated the FCCPA based on the following:

   a. Defendant violated § 559.72(7) of the FCCPA by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family when Defendant engaged in all of the harassing misconduct alleged above, including coercing Plaintiff into paying the alleged debt;

   b. Defendant violated § 559.72(4) of the FCCPA by communicating or threatening to communicate with a debtor's employer before obtaining final judgment against the debtor when Defendant threatened to contact Plaintiff's employer despite there being no judgment against Plaintiff; and

   c. Defendant violated § 559.72(9) of the FCCPA by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist when Defendant contacted and/or threatened to contact Plaintiff's employer despite

there being no judgment against Plaintiff.

WHEREFORE, Plaintiff, ADAM WHITMAN, respectfully requests judgment be entered against Defendant, LAW OFFICES OF ADAM J. KATZ, P.A, for the following:

a. Statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

b. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

c. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2); and

43. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

May 12, 2021                                 By: /s/ Shireen Hormozdi
                                            Shireen Hormozdi
                                            HORMOZDI LAW FIRM, LLC
                                            1770 Indian Trail Lilburn Road, Suite 175
                                            Norcross, GA 30093
                                            Tel: 678-395-7795
                                            Fax: 866-929-2434
                                            shireen@agrusslawfirm.com
                                            shireen@norcrosslawfirm.com
                                            Attorney for Plaintiff